UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BERNARD ALLEN CHARLES | CIVIL NO. 6:14-2797 |
| | CRIMINAL NO. 6:03-CR-60045 |
| VERSUS | JUDGE HAIK |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.[1]

## STATEMENT OF CLAIM

Before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Bernard Allen Charles, pursuant to 28 U.S.C. § 2241 on September 24, 2014. Petitioner is currently incarcerated at the United States Penitentiary in Beaumont, Texas.

This Court's records indicate that petitioner was originally indicted on October 15, 2003. [*United States v. Bernard Allen Charles*, 6:03-cr-60045 (W.D. La.), at rec. doc. 10]. By superseding indictment on August 12, 2004, petitioner was charged with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 1), possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 2), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(ii) (Count 3), possession of an unregistered silencer in violation of 26 U.S.C.

---

[1] This matter was originally assigned to Judge Foote and Magistrate Judge Hornsby. Judge Hornsby transferred the case to this Division on March 13, 2015. [rec. doc. 8]. Accordingly, the matter was re-assigned to Judge Haik, who sentenced petitioner, and the undersigned.

§ 5861(d) (Count 4), possession of a silencer without a serial number in violation of 21 U.S.C. § 853 (Count 5), and forfeiture of the automatic pistol and silencer pursuant to 18 U.S.C. § 924(d)(1) (Counts 6 and 7). [rec. doc. 65]. On May 18, 2005, following a jury trial, petitioner was found guilty on Counts 1 through 5 of the superseding indictment. [rec. doc. 97]. He was sentenced on February 21, 2006 to a total of 620 months in prison. [*Id*. at rec. docs. 117 and 118].

On November 3, 2006, the Fifth Circuit affirmed petitioner's conviction and sentence on direct appeal. [*Id*. at rec. doc. 125, *United States v. Charles*, 469 F.3d 402 (5th Cir. 2006)]. Petitioner's request for a *writ of certiorari* was denied on March 5, 2007. *Charles v. United States*, 549 U.S. 1273 (2007).

On July 24, 2007, petitioner filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, alleging that his court-appointed appellate counsel was ineffective. [*Id*. at rec. doc. 127]. Following a response by the government, the Motion was denied on the merits with prejudice on February 26, 2009. [*Id*. at rec. docs. 135 and 139]. Petitioner attempted to appeal this Court's Ruling; however, on February 5, 2010, the Fifth Circuit denied petitioner's motion for a certificate of appealability. [*Id*. at rec. docs. 140 and 147, *United States v. Allen*, No. 09-30432 (5th Cir. 2-5-10)]. Petitioner's Motion vacate this Court's Ruling was denied as untimely. [*Id*. at rec. docs. 149 and 150]. Petitioner's attempt to appeal this Ruling was denied on April 4, 2014 when the Fifth Circuit again denied petitioner's request for a certificate of appealability. [*Id*. at rec. doc. 161, *United States v. Allen*, No. 12-30598 (5th Cir. 4-4-14)].

On June 14, 2013, petitioner filed a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [*Id*. at rec. docs. 162 and 163]. Amongst his various claims, petitioner argued that he was improperly sentenced with regard to his conviction on Count Three of the superseding indictment because the jury returned only a "general verdict" on that count, instead of a "special verdict" finding that the gun was "equipped with a silencer" as required by the principles set forth by the United States Supreme Court in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013).

Pursuant to a Report and recommendation of Magistrate Judge Hanna, Judge Haik found the Motion was a "second or successive" Motion filed without proper authorization from the Fifth Circuit, thereby rendering the Court without jurisdiction to proceed. Accordingly, on February 25, 2015, the Motion was transferred to the Fifth Circuit in accordance with 28 U.S.C. § 1631. [*Id*. at rec. docs. 170 and 175]. That case remains pending in the Fifth Circuit. *See In Re: Bernard Charles*, No. 15-30203 (5th Cir. 2015).

While his second Motion to Vacate was pending in this Court, petitioner filed the instant petition, again attempting challenge his sentence on Count Three of the superseding indictment based an *Alleyne* violation because the jury returned only a "general verdict" on that count, instead of a "special verdict" finding that the gun was "equipped with a silencer." Thus, he seeks to be re-sentenced on that Count.

After reviewing the entire record herein and applicable jurisprudence, the undersigned finds that this petition should be **transferred** to the United States District Court for the Eastern District of Texas.

**LAW AND ANALYSIS**

Petitioner expressly files this action under 28 U.S.C. § 2241 based on the "savings clause" of § 2255(e), under which a prisoner may seek § 2241 relief in lieu of § 2255 relief if he can establish that "the remedy provided for under § 2255 is inadequate or ineffective to test the legality of his detention." *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) *citing Cox v. Warden, Fed. Detention Ctr*., 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and § 2255 is the proper means of attacking errors that occurred at or prior to sentencing. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff,* , 218 F.3d 448, 451 (5th Cir. 2000). Thus, "§ 2255 is the proper vehicle for challenging the validity of a conviction and sentence. . . ." *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)*.*

A petition for writ of *habeas corpus* pursuant to § 2241 is not a substitute for a motion under § 2255. *Pack,* 218 F.3d at 451 *citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Jeffers*, 253 F.3d at 830. Accordingly, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id. citing Ojo,* 106 F.3d at 683, *Cox,* 911 F.2d at 114 and *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131-32 (5th Cir. 1987).

As noted above, petitioner previously filed a Motion to Vacate under 28 U.S.C. § 2255 which was denied on the merits, as well as a second and successive Motion to Vacate which was transferred to the Fifth Circuit. Thus, although § 2255 is the proper vehicle for challenging the validity of a conviction and sentence, this Court lacks

jurisdiction to construe the instant petition as a § 2255 motion because petitioner has not received prior authorization from the Fifth Circuit to file a successive § 2255 motion. *Hooker,* 187 F.3d at 680 *citing* 28 U.S.C. §§ 2244, 2255 and *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998), *cert. denied*, 526 U.S. 1011, 119 S.Ct. 1156, 143 L.Ed.2d 221 (1999).

Moreover, contrary to petitioner's contentions, under binding Fifth Circuit jurisprudence, this Court likewise lacks jurisdiction to entertain his pleading as a § 2241 petition; such a petition must be filed in the district where the prisoner is incarcerated. *Id. citing United States v. Weathersby*, 958 F.2d 65, 66 (5th Cir. 1992); *Pack,* 218 F.3d at 451 (citations omitted); *Weathers v. Schultz*, 2008 WL 2113270, *1 (W.D. La. 2008). As petitioner is incarcerated in Beaumont, Texas, only the district court for the Eastern District of Texas has jurisdiction to entertain his § 2241 petition. *See* 28 U.S.C. § 124(c).

A district court which lacks jurisdiction is authorized under 28 U.S.C. § 1631 to transfer the action to the court with proper jurisdiction.

For the foregoing reasons, **IT IS RECOMMENDED** that this petition be **transferred** the United States District Court for the Eastern District of Texas.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

June 29, 2015, Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE